United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Pauline Morris, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-60586-Civ-Scola |
| Environ Towers I Condominium | ) |
| Association, Inc., and others, | ) |
| Defendants. | ) |

### **Order on Motion to Dismiss**

This matter is before the Court upon the Defendants Environ Towers I Condominium Association, Inc. ("Association"), Richard Ross, and Michel Houle's (collectively, the "Defendants") motion to dismiss. (ECF No. 11.) The Court has carefully considered all supporting and opposing submissions, the record in this case, and the applicable law. For the reasons set forth below, the Court **denies** the motion to dismiss.

**1. Background**

The Plaintiff Pauline Morris attempted to buy a unit at Environ Towers, where she hoped to live with her severely autistic adult son, Dean. However, after attending a meeting with the Defendants Ross and Houle, who are officers of the Defendant Association, the Plaintiff was informed that the Association had rejected her application to purchase the unit. As a result, the Plaintiff individually, and on behalf of her son, is suing the Defendants for violating the Fair Housing Act, 42 U.S.C. section 3601 *et seq.* (*See* Compl., ECF No. 1.) The Defendants seek dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Mot., ECF No. 11.)

**2. Legal Standard**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A

plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

### 3. Analysis

In their motion, the Defendants argue that the complaint should be dismissed because the Plaintiff fails to allege that she made a request for reasonable accommodation, and that in any event, the allegations in the complaint are contradicted by the exhibits attached to it. In addition, the Defendants argue that the Plaintiff impermissibly lumps them together, and therefore, they are unable to determine which allegations in the complaint relate to each Defendant. The Court considers each argument in turn.

The FHA forbids discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). "Such discrimination includes 'a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Overlook Mutual Homes, Inc. v. Spencer*, 415 F. App'x 617, 620-21 (6th Cir. 2011) (quoting 42 U.S.C. § 3604(f)(3)(B)). "To assert a failure to reasonably accommodate claim under

section 3604(f)(3), a plaintiff must plead four elements: (1) the plaintiff is a person with a disability within the meaning of the FHA or a person associated with that individual; (2) the plaintiff requested a reasonable accommodation for the disability; (3) the requested accommodation was necessary to afford the plaintiff an opportunity to use and enjoy the dwelling; and (4) the defendant refused to make the accommodation." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 (11th Cir. 2016).[1] In this case, the Plaintiff's claim turns on whether she requested a reasonable accommodation.

"However stated, a plaintiff can be said to have made a request for accommodation when the defendant has enough information to know of both the disability and desire for an accommodation." *Id.* at 1226 (quoting *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 332 (3d Cir. 2003)) (internal quotations omitted). The "circumstances must at least be sufficient to cause a reasonable housing provider to make appropriate inquiries about the possible need for an accommodation." *Id.* (internal alterations omitted).

The Plaintiff alleges that as part of the closing process for the unit at Environ Towers, she was required to complete an application for occupancy for herself and her son, requesting approval from the Association. (Compl., ECF No. 1 ¶¶ 16-17.) On her son's application, the Plaintiff plainly disclosed that he is disabled, specifically, that he is autistic, which is reflected in the exhibits to the complaint. (*See* ECF No. 1-7 at 1.) In addition, the Plaintiff attached a letter to her son's application, in which she further explains that her son "is nonverbal but independent in some skills," and offers to furnish additional information upon request. (ECF No. 1-7 at 2.) Over a month later, the Association advised the Plaintiff that it would conduct an interview with her and her son. (*Id.* ¶ 25.) During the interview, which was conducted by Defendants Ross and Houle, the Defendants expressed concerns about Dean's ability to abide by Association rules and regulations. (*Id.* ¶¶ 28-30.) In response, the Plaintiff assured Ross and Houle that Dean had never engaged in inappropriate conduct, and that he was always either in her care, or accompanied by a caretaker. (*Id.* ¶ 31.) Thereafter, Defendants Ross and Houle advised the Plaintiff that it was the Association's usual practice to read its rules and regulations to potential occupants to confirm their understanding

---

[1] In their motion, the Defendants discuss *Hunt* at length as supporting their contention that the Court should dismiss the instant complaint. Interestingly though, the Defendants rely on the court's order dismissing the *Hunt* plaintiff's initial complaint. *See Hunt v. Aimco Props., L.P.*, No. 14-80432, 2014 WL 12649013, at *4 (S.D. Fla. June 17, 2014) (Ryskamp, J.). After the plaintiff in *Hunt* amended the complaint, and the district court dismissed it again, the Eleventh Circuit reversed. *Hunt*, 814 F.3d at 1227.

and agreement to comply with the rules. (*Id.* ¶ 32.) The Plaintiff then reiterated to the Defendants that Dean was nonverbal and informed them in addition that he would not understand the rules or be able to express verbal acknowledgment, and stated that she and Dean's caretaker understood and agreed to abide by the rules and ensure that Dean would do so as well. (*Id.* ¶ 33.) Thus, the Plaintiff alleges, the reasonable accommodation she requested was that she and Dean's caretaker be permitted to confirm their understanding of the rules and take responsibility for ensuring that Dean complied. (*Id.* ¶ 50.) Despite being informed of Dean's disability and limitations, the Defendants proceeded to read the rules and regulations to Dean, who was unable as a result of his disability to confirm that he understood. (*Id.* ¶ 34.) The day after the interview, Ross sent an email to the Plaintiff, informing her that the Association had rejected her application to purchase the unit. (*Id.* ¶ 35.) Upon review, these allegations are sufficient.

      The Defendants next contend that the complaint should be dismissed because the exhibits attached contradict the allegations that the Plaintiff requested a reasonable accommodation for Dean. When considering a motion to dismiss, in addition to the allegations in the complaint, the district court also considers "the facts derived from a complaint's exhibits as part of the plaintiff's basic factual averments," and where those exhibits contradict the complaint's allegations, the exhibits control. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) ("when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."). Specifically, the Defendants point to an email that the Plaintiff sent in response to their rejection of her application, in which she requested that they reconsider their decision, noting her view that they had applied an unfair standard to interview her disabled son, and reiterating that he is a calm individual with no history of violence or inappropriate behavior. (ECF No. 1-9.) The Defendants also point to Ross's response to that email, in which he states that the Plaintiff was asked if her son required an accommodation in order to participate in the interview, to which the Plaintiff responded no. (ECF No. 1-10.)

      Here, the exhibits do not contradict the factual allegations in the complaint. Indeed, none of the attachments contain a reference to her request that she and Dean's caretaker be permitted to agree to the rules and ensure that Dean abide by them; and therefore, the exhibits cannot contradict that allegation. Moreover, the Defendants' denials of the Plaintiff's allegations are just that—denials—which the Defendants may properly set forth in an answer, but which are not grounds for dismissal of the complaint in this case.

Finally, the Defendants argue that the complaint should be dismissed because the Plaintiff impermissibly lumps them together without distinguishing which one of them took the relevant actions. Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), within the *Twombly-Iqbal* plausibility standard. Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, a court must determine whether the complaint gives fair notice to each defendant. Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, *Crowe v. Coleman,* 113 F.3d 1536, 1539 (11th Cir. 1997), "at times, a plaintiff's grouping of defendants in a complaint may require a more definite statement." *George & Co. v. Alibaba.com, Inc.*, No. 2:10-cv-719-FtM-29DNF, 2011 WL 6181940, at *2 (M.D. Fla. Dec. 13, 2011) (citing *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996)) (internal quotations omitted). Indeed, a complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to satisfy Rule 8. *Lane v. Capital Acquisitions & Mgmt. Co.,* No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr.14, 2006) (Marra, J.).

Without citing case law in support, the Defendants attempt to impose a heightened pleading standard for the Plaintiff's claim requiring that she must "delineate the specifics of each and every alleged conduct" that she asserts the Defendants engaged in individually. However, the complaint does not violate Rule 8, as this is not a case in which the Plaintiff fails to delineate which facts are applicable to each Defendant, nor must the Plaintiff allege anything more specific. As clearly alleged by the Plaintiff, the Defendants Ross and Houle are officers of the Defendant Association, Ross and Houle conducted the interview with the Plaintiff and her son, and the Association, through the acts of Ross and Houle, violated the FHA.

### 4. Conclusion

Accordingly, the Defendants' motion to dismiss (**ECF No. 11**) is **denied**.

**Done and ordered** at Miami, Florida, on June 21, 2018.

_____
Robert N. Scola, Jr.
United States District Judge